IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LOCKRIDGE,

    Plaintiff,                      No. CIV-S-06-0403 MCE GGH PS

    vs.

SAN JUAN UNIFIED SCHOOL
DISTRICT, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

\\\\\

1

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff alleges that he was fired from his employment as head basketball coach and instructional aide at Encina High School ("Encina") based on discrimination and a racially hostile work environment.  He claims that the individual defendants, Rasmussen, Hilbert, Ventor, and Graser, who are the athletic director of San Juan Unified School District ("SJUSD"), athletic director of Encina, basketball coach at Encina, and Human Resources Director of SJUSD, respectively, are Caucasians who forced plaintiff, an African American, out of his job.  The complaint alleges damages for state law claims of discrimination, negligent supervision and retention, intentional infliction of emotional distress, harassment based on race or national origin, and breach of the covenant of good faith and fair dealing.  The complaint contains no federal

claims, other than to state in the caption and introductory paragraph that it is brought pursuant to Title VII of the Civil Rights Act.

Federal district courts are courts of limited jurisdiction. U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

The complaint must allege the basis for this court's jurisdiction. A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id.

\\\\\

Although the facts of the complaint might give rise to a Title VII claim, the court is not so deciding at the present time; however, it is clear that plaintiff has failed to properly plead such a claim. Plaintiff will be granted leave to amend but is advised that he must conform with the following pleading requirements.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)).

Title VII of the Civil Rights Act of 1964 provides a remedy for employment discrimination based upon race. 42 U.S.C. § 2000e-2(a)(1). To bring suit under this title, plaintiff must establish a prima facie case, and also has the ultimate burden of proof. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 1824 (1973). Unless plaintiff can offer direct evidence of an employer's intent to discriminate, a prima facie case requires a showing of his membership in a protected class, adverse treatment, and that this treatment was different from other non-minority employees who were similarly situated.[1] Jauregui v. City of Glendale, 852

---

[1] A slightly different test was articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). In that failure to hire case, the Supreme Court required the plaintiff to show:

> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants;

4

F.2d 1128, 1134 (9th Cir. 1988).

      Although plaintiff purportedly intends to include a Title VII claim in his complaint, it is not merely enough to mention it in the caption or introduction.  Plaintiff must set forth the facts required for this cause of action and plea for relief under Title VII.  Furthermore, plaintiff is advised that Title VII (as opposed to state law claims) does not provide for liability of individual defendants.  Pennsylvania State Police v. Suders, 542 U.S. 129, 138, n. 4, 124 S.Ct. 2342, 2349, n. 4 (2004); Kang v. U.Lim America, Inc., 296 F.3d 810, 822, n. 4 (9th Cir. 2002).  If plaintiff attempts to plead a claim under Title VII against defendants Rasmussen, Hilbert, Ventor, and Graser, the court will recommend that these defendants be dismissed.

      Additionally, plaintiff is advised that if he does not intend to include a federal claim in his amended complaint, his action will be dismissed for lack of jurisdiction.

      Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

\\\\\

---

      (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

Id. at 1824.  At least one other court has pointed out, and this court agrees, that a strict mechanical application of each factor has been proscribed by the Supreme Court, especially where the factor has no bearing on the alleged disparate treatment in the particular case.  Beaven v. Com. of Ky., 783 F.2d 672, 676 (6th Cir. 1986).  See also Wooten v. New York Tel. Co., 485 F. Supp. 748, 760 (S.D.N.Y. 1980) (finding that the fourth McDonnell Douglas factor is not necessary in a discriminatory discharge case).  This court finds that the fourth McDonnell Douglas factor is not relevant to the case at hand.

1  Cir.1981), and defendants not named in an amended complaint are no longer defendants. <u>Ferdik</u>
2  <u>v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).
3        Also before the court is defendant SJUSD's motion to dismiss, filed March 28,
4  2006. At this stage of the proceedings, it is more efficient to determine whether plaintiff can file
5  a complaint capable of service on all defendants, rather than determine one defendant's motion to
6  dismiss. When all defendants have been served, any and all responsive motions may then be
7  heard contemporaneously.
8        Accordingly, IT IS ORDERED that:
9        1. Plaintiff's request to proceed in forma pauperis is granted;
10        2. The complaint is dismissed, with leave to file an amended complaint within
11  thirty days of this order. PLAINTIFF IS ADVISED THAT ANY FUTURE FILINGS SHOULD
12  REFER TO THE CIVIL CASE NUMBER STAMPED ON PAGE ONE OF THIS ORDER.
13        3. Defendant San Juan Unified School District's motion to dismiss, filed March
14  28, 2006, is vacated without prejudice from the court's calendar for May 4, 2006.
15  DATED: 4/4/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Lockridge403.ifp.wpd